# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48556-7-II |
| Respondent, | |
| v. | |
| STARLA RENEE CLEMENS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Starla Renee Clemens appeals her convictions for three counts of delivery of a controlled substance–methamphetamine within 1,000 feet of a school or school bus route stop and one count of possession of a controlled substance–methamphetamine. She contends the trial court erred by not entering written findings of fact and conclusions of law following the CrR 3.5 hearing and sufficient evidence does not exist to support the finding that she delivered the methamphetamine within 1,000 feet of a school or school bus route stop. In her statement of additional grounds for review (SAG), Clemens claims that the purse in which the officers located methamphetamine was not her purse and that the confidential informant used a different last name when signing paperwork. We affirm.

## FACTS

The State charged Clemens with three counts of delivery of a controlled substance–methamphetamine and one count of possession of a controlled substance–methamphetamine. The delivery counts included a special allegation that they took place within 1,000 feet of a school or

school bus route stop. Clemens moved to suppress her statements made at the time of arrest under CrR 3.5. The trial court concluded that Clemens's statements were admissible. The trial court did not enter written findings of fact and conclusions of law.

During trial, Chivonne Sampson, a confidential informant for the Grays Harbor County Drug Task Force, testified that she made three controlled buys from Clemens. The controlled buys occurred in June and July of 2013 at Clemens's home located at 208 North Washington Street in Aberdeen.

Aberdeen Police Officer Ron Bradbury testified that when he arrested Clemens, he located methamphetamine in her purse. Clemons confessed that she had "dealt drugs in the past," and that the substance found in her purse was an "eight ball of methamphetamine" for her own personal use. 2 Verbatim Report of Proceedings (VRP) at 276-77.

Regarding the special allegation that the delivery charges occurred within 1,000 feet of a school or school bus route stop, the State called Hoquiam Police Officer Joe Strong. He testified that during the first controlled buy, his role was to act as surveillance. He set up north of 208 North Washington "a couple of blocks, near Harbor High School." 1 VRP at 33. Officer Strong testified that he estimated the high school was "about 600 feet" from 208 North Washington. 1 VRP at 68-69.

Officer Bradbury also testified regarding his surveillance on 208 North Washington during the controlled buys. He testified that during this time, he observed school bus stops in the area based on his observations of children getting on and off a school bus. Officer Bradbury identified a stop located at the corner of First Street and Alder Street as a school bus stop that he observed at the time he was conducting surveillance of the controlled buys at 208 North Washington.

The State also introduced a map showing the locations of the school and school bus route stops within 1,000 feet of Clemens's home at 208 North Washington. The map shows that both Harbor High School and the bus stop identified by Officer Bradbury at the corner of First Street and Alder Street were within 1,000 feet of 208 North Washington. This map was prepared by Daniel Ehreth, a geographic information systems (GIS) analyst for Grays Harbor County's central services department with the assistance of Ernie Lott, transportation director for the Aberdeen and Hoquiam School Districts. Lott testified that the map had been prepared "[s]everal months" prior to the January 2016 trial. 2 VRP at 308. Ehreth testified that his final revision on the map was on "October 6th [2015]." 2 VRP at 316.

The jury found Clemens guilty of three counts of delivery of a controlled substance–methamphetamine and one count of possession of a controlled substance–methamphetamine. The jury also returned special verdicts finding that Clemens was within 1,000 feet of a school or school bus route stop when delivering the methamphetamine. Clemens appeals.

ANALYSIS

I.      SCHOOL OR SCHOOL BUS ROUTE STOP

Clemens first argues that the State failed to show that the school or school bus route stops testified to at trial existed on the days of her offenses. We disagree.

In every criminal prosecution, due process requires that the State prove, beyond a reasonable doubt, every fact necessary to constitute the charged crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). We review a jury's special verdict finding under the sufficiency of the evidence standard. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). The proper inquiry is "whether, after viewing the evidence in the light most favorable to

the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id*. We give equal weight to circumstantial and direct evidence. *State v. Hermann*, 138 Wn. App. 596, 602, 158 P.3d 96 (2007). And we defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. *State v. Killingsworth*, 166 Wn. App. 283, 287, 269 P.3d 1064, *review denied*, 174 Wn.2d 1007 (2012).

RCW 69.50.435(1)(c) and (d) create sentence enhancements for anyone who delivers drugs "[w]ithin one thousand feet of a school bus route stop designated by the school district" or "[w]ithin one thousand feet of the perimeter of the school grounds." This requires a showing that the distance from the school or school bus route stop to the location of the drugs was less than 1,000 feet, according to some type of accurate, objective, and verifiable measuring device such as a map with a measuring scale, measuring tape, pacing, or other commonly accepted method. *State v. Hennessey*, 80 Wn. App. 190, 195, 907 P.2d 331 (1995).

Here, the State introduced a map showing the locations of the schools and school bus route stops within 1,000 feet of Clemens's home. This map was prepared by a GIS analyst. The transportation director for the Aberdeen and Hoquiam School Districts assisted in preparing the map. While the map was prepared in October 2015 and the controlled buys occurred in June and July, 2013, Officer Strong testified that he conducted surveillance for the buys at the nearby Harbor High School, which he estimated to be a couple blocks or "about 600 feet" from 208 North Washington. 1VRP at 68-69. Officer Bradbury also testified regarding his surveillance on 208 North Washington during the controlled buys. He testified that during this time, he observed a

4

school bus route stop on the corner of First Street and Alder Street. This stop is identified on the prepared map as being within 1,000 feet of 208 North Washington.

Viewing all reasonable inferences from the evidence in favor of the State and giving equal weight to circumstantial and direct evidence, a school or school bus route stop was within 1,000 feet of Clemens's home located at 208 North Washington when Clemens delivered the methamphetamine in June and July 2013. Accordingly, we hold that the State produced sufficient evidence to support the jury's special verdicts.

II.      CRR 3.5 WRITTEN FINDINGS

Clemens next contends that the trial court erred by failing to enter written findings of fact and conclusions of law pursuant to CrR 3.5(c) and that remand is required. The State concedes that the findings and conclusions were not formally entered and argues the proper remedy is remand. We disagree that remand is necessary.

Under CrR 3.5(c), a trial court is required to enter written findings. But the absence of written findings is harmless if a trial court's oral ruling is sufficient to permit appellate review. *State v. Weller*, 185 Wn. App. 913, 923, 344 P.3d 695, *review denied*, 183 Wn.2d 1010 (2015).

Our record includes the trial court's oral ruling. And Clemens does not challenge the substance or merits of the court's ruling regarding the admissibility of her statements. The absence of written findings following a CrR 3.5 hearing is not grounds for reversal without a showing of prejudice. *State v. Thompson*, 73 Wn. App. 122, 130, 867 P.2d 691 (1994). Since Clemens does not argue that prejudice resulted from the failure of the trial court to enter written findings and

conclusions and she acknowledges that the court ruled orally, any error would be harmless. *Id.* We, therefore, decline to order the trial court to enter written findings and conclusions in this case.

III.    STATEMENT OF ADDITIONAL GROUNDS (SAG) ISSUES

In her SAG, Clemens contends police misidentified her in a photograph, the methamphetamine located at the time of her arrest was actually in a bag that did not belong to her, the automobile she was stopped in did not belong to her, and the informant signed paperwork using a different last name. Clemens does not adequately inform this court of the nature and occurrence of any alleged errors to warrant review. RAP 10.10(c); *State v. Gauthier*, 189 Wn. App. 30, 43-44, 354 P.3d 900 (2015), *review denied*, 185 Wn.2d 1010 (2016). Moreover, she raises issues outside our record. Issues involving facts outside of the record are properly raised in a personal restraint petition, rather than a SAG. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Accordingly, we decline to reach Clemens's SAG issues.

IV.    APPELLATE COSTS

Clemens requests that we decline to impose appellate costs against her if the State prevails on this appeal and makes a proper request. A commissioner of this court will determine appellate costs in due course under RAP 14.2 if the State decides to file a cost bill and Clemens objects.

No. 48556-7

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.